NOTE: CHANGES MADE BY THE COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

PEXCO LLC,

        Plaintiff,

   v.

FENCESCREEN, INC.,

        Defendant.

Case No.
8:18-cv-00907-JFW-JPR

**STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL**

Honorable John F. Walter
Honorable Jean P. Rosenbluth

## ORDER

Good cause appearing, and pursuant to the Stipulation of Plaintiff Pexco, LLC ("PEXCO") and Defendant Fencescreen, Inc. ("FENCESCREEN"), jointly the "Parties," the Court approves and enters this Protective Order Governing Discovery Material as follows:

## I.  GOOD CAUSE STATEMENT

There is good cause for the entry of a protective order to safeguard the confidentiality of the parties' commercially sensitive documents during discovery or other pretrial proceedings in this Action because the public disclosure of such documents, including business plans, customer lists, trade secrets, invoices, sales records, market research and surveys, and product pricing documents, could put the parties at a competitive disadvantage with their competitors. Considering the nature of this Action relating to intellectual property and the business operations of the parties, the prejudice and harm that risk of disclosure of the parties' respective confidential and proprietary material outweigh any risk of impairment of the prosecution or defense of the claims in this Action and any public interest. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to protected or confidential treatment under the applicable legal principles, and for which the parties can identify specific prejudice or harm it may suffer without a protective order. The parties further acknowledge, as set forth in Paragraphs 2.2 and 2.7 below, that neither the disposition nor the applicability of this proposed Stipulated Protective Order shall excuse the parties from fully complying with all discovery requests. The parties further acknowledge, as set forth in Paragraph 4, below, that this Stipulated Protective Order is strictly a pretrial order and does not govern the trial in this Action. The parties further acknowledge, as set forth in Paragraph 12.3, below, that this Stipulated

Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed when a Party seeks permission from the Court to file material under seal.

## II.  DEFINITIONS

2.1  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2  "CONFIDENTIAL" Information or Items: a Party may designate information "CONFIDENTIAL" if and only if (a) it can make a good faith showing that the disclosure of such information to the public would result in a material competitive threat or injury to its ongoing business; and (b) such information falls into one of the following limited categories (unless broadened by the Court or by the parties' consent): (1) financial sales and pricing information and related material; (2) customer identification and related material; (3) business plans and related material; (4) trade secret information pursuant to 15 U.S.C. section 1839 (3) or California Civil Code section 3426.1 that derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and is the subject of efforts that are reasonable under circumstances to maintain its secrecy ; and (5) market research and surveys and related material. "CONFIDENTIAL" information shall be so designated pursuant to the protocol set forth below, and the use and disclosure of such information shall be restricted as set forth in this Protective Order. The fact that types of information are listed in the categories above shall not be relevant in any determination whether such information is discoverable, nor shall the disposition or applicability of this proposed Stipulated Protective Order excuse the parties from fully complying with all discovery requests.

2.3  Counsel (without qualifier): Outside Counsel of Record (and their support staff).

2.4  Designating Party: a Party or Non-Party that designates information or

-2-

items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, depositions, documents, information, or things produced or disclosed by a Party or third party in connection with this Action, whether in initial or amended disclosures, expert reports, initial or amended answers or responses to requests for production of documents, requests for inspections of things, interrogatories, requests for admissions, deposition questions, or in any other discovery or disclosure process undertaken in this Action), that are produced or generated in disclosures or responses to discovery in this Action.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items is extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that cannot be avoided by less restrictive means. A Party may designate information "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if and only if (a) it can make a good faith showing that the information is both "CONFIDENTIAL" information as defined in Paragraph 2.2; and (b) the disclosure of such information to the public or the opposing Party would result in a material competitive threat or injury to its ongoing business. In addition to the foregoing, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information typically must be non-public and commercially sensitive: (i) financial information (e.g., pricing,

income, profits, losses, expenses, costs, overhead, royalty rates, or sales quantities relating to any past, present, or future product or service); (ii) information about contractual relationships and/or negotiations with third parties; (iii) information about business, financial, marketing, or sales plans, projections, or data; and (iv) research and development materials, including market research. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be so designated pursuant to the protocol set forth below, and the use and disclosure of such information shall be restricted as set forth in this Protective Order. The fact that types of information are listed in the categories above shall not be relevant in any determination whether such information is discoverable, nor shall the disposition or applicability of this proposed Stipulated Protective Order excuse the parties from fully complying with all discovery requests.

2.8    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.9    Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.13    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

-4-

### III. SCOPE

This Protective Order shall be applicable to and govern all Disclosure or Discovery Material. Counsel for any Designating Party may designate Discovery Material under the terms of this Protective Order only if such Counsel in good faith believes that it is subject to protection under Federal Rule of Civil Procedure 26(c).

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is public at the time of disclosure to a Receiving Party or becomes public after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and through means other than formal discovery. Any use of Protected Material at trial shall be governed by a separate agreement or order.

### IV. DURATION

This Order is strictly a pretrial order and does not govern the trial in this Action. To the extent that the parties desire an in-trial confidentiality order, they will approach the Court and file appropriate motions with the Court to secure specific protection for materials utilized in trial. Upon termination of this Action, unless other arrangements are mutually agreed upon, Counsel shall assemble and return to the Producing Party's counsel all "CONFIDENTIAL" information and all "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and all copies of same, or shall certify the destruction thereof. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

## V.   DESIGNATING PROTECTIVE MATERIAL

**5.1**   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) and section 5.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

-6-

proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", to the extent practical to do so, to each page that contains Protected Material. Where a document produced in a magnetic, electronic, digital or similar medium cannot be marked by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on pages of the document, the document shall be designated by placing a label, marked with the appropriate designation, on the diskette, CD, cartridge, or similar physical container, containing the document.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b) for testimony given in depositions or in other pretrial proceedings, that the Designating Party identify the Disclosure or Discovery Material on the record, the Designating Party shall specify all protected testimony and the level of protection being asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the date the transcript of the deposition or proceeding is made available to make its designation, pursuant to which all testimony shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the Designating Party specifies its designation or the 21-day

period expires, whichever is earlier.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the five (5) business day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. Inadvertent failure to designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not constitute a waiver of such claim and may be

corrected by prompt supplemental written notice upon discovery of such failure designating such Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a manner consistent with Paragraph 11. The Party receiving such supplemental written notice shall thereafter treat materials or information so designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate, and such Discovery Material shall be fully subject to this Protective Order as if it had been initially so designated. A person disclosing Discovery Material that is subsequently designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall in good faith assist the Designating Party in retrieving such Discovery Material from all recipients not entitled to access to such Discovery Material under the terms of this Protective Order and prevent further disclosures except as authorized under the terms hereof.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Nor does a failure to challenge a designation mean that a Receiving Party agrees that Discovery Material so designated meets the criteria to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or is otherwise a trade secret or protectable.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is

being made in accordance with this specific paragraph of the Protective Order, and must also comply with Civil Local Rule 37-1. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Receiving Party may proceed to file a motion with the Court only if it first has engaged in this meet and confer process.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party must file a motion with the Court pursuant to Civil Local Rule 37. The Challenging Party shall be the "moving party" for purposes of Civil Local Rule 37-2.

The burden of proof in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**VII.     <u>ACCESS TO AND USE OF DISCLOSURE AND DISCOVERY MATERIAL</u>**

7.1     <u>Basic Principles</u>. Except as the Designating Party or its Counsel may otherwise agree in writing, or as the Court may otherwise order, all Disclosure and Discovery Material shall be used by the Receiving Party solely for the purposes of this Action and not for any other purposes, including, without limitation, any business or commercial purpose, or purposes of any litigation or dispute outside this Action. All Protected Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

-10-

– ATTORNEYS' EYES ONLY" and received by any Receiving Party pursuant to this Protective Order shall be disclosed by the Receiving Party only to such persons and in such manner as authorized in this Protective Order.

The prohibitions on the use or disclosure of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Disclosure and Discovery Material as set forth in this Protective Order shall survive the Final Disposition of this Action.

This Protective Order has no effect upon, and shall not apply to, a Party's or Non-Party's use of its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material, or any other materials in its own possession, for any purpose. Without limiting the generality of the foregoing, nothing in this Protective Order shall: (i) prevent a Designating Party from disclosing its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material to its officers, directors, employees, agents, or advisors, including investment bankers and accountants; or (ii) impose any restrictions on the use or disclosure by a Party of its own Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

Notwithstanding any other provision of this Protective Order, nothing in this Protective Order shall prohibit any Counsel from rendering advice to his or her client in connection with this Action, so long as the content of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material is not revealed or disclosed in the course of such advice other than as permitted by this Protective Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) Counsel to the Parties in this Action (including members of the outside counsel firms, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical, and other regular or temporary employees);

(b) Outside consultants and vendors of such Counsel to the Parties (including trial consultants, jury consultants, and service vendors such as outside copying services, outside litigation support services, translations services or graphics, design, or document handling services/consultants retained in connection with this Action for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings) ("Consultants and Vendors"), that have executed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c) The Parties and directors or employees of the Parties assisting Counsel for the purposes of this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d) Experts assisting Counsel for the Parties in this Action, after they have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), and only to the extent necessary for the Expert to prepare a written opinion, to prepare to testify, or to assist Counsel in the prosecution or defense of this Action;

(e) Any Non-Party witness to the limited extent the Discovery Material indicates on its face that the witness authored or received the Discovery Material in the ordinary course of business, provided that the witness shall only be shown the specific portions of the Discovery Material to which access is permitted in this subparagraph, with all other designated material redacted. This subparagraph shall also permit disclosure to a Non-Party Rule 30(b)(6) deponent of any Discovery Material which indicates on its face that it was authored or received by the Non-Party or the Non-Party's employer, provided that the witness shall only be shown the specific portions of the Discovery Material to which access is permitted in this subparagraph, with all other designated material redacted;

(f)     The Court and its staff and administrative personnel, and Court reporters, videographers, and stenographers employed to take depositions, and any essential personnel retained by the Court; and

(g)     Any other person only upon order of the Court or upon stipulation of the Designating Party.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     Outside Counsel of Record (including for the Outside Counsel of Record law firms, their partners or members, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees);

(b)     Consultants and Vendors of Counsel to the Parties that have executed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c)     Witnesses in the course of deposition in this Action who appear on the face of the document designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to have been a sender or recipient thereof (as well as, in the case of Non-Party deponents, Counsel representing them during their deposition), provided that the witness shall only be shown the specific portions of the Discovery Material to which access is permitted in this subparagraph, with all other designated material redacted. This subparagraph shall also permit disclosure to a Non-Party Rule 30(b)(6) deponent in the course of deposition in this Action of any Discovery Material which indicates on its face that it was authored or received by the Non-Party or the Non-Party's employer, provided that the witness shall only be shown the specific portions of the Discovery Material to which access is permitted in this subparagraph, with all other designated material redacted;

(d)     Experts assisting Outside Counsel of Record for the Parties in this Action, and only to the extent necessary for the Expert to prepare a written opinion, to prepare to testify, or to assist Counsel in the prosecution or defense of this Action;

(e)     The Court and its staff and administrative personnel, and Court reporters, videographers, and stenographers employed to take depositions, and any essential personnel retained by the Court; and

(f)     Any other person only upon order of the Court or upon stipulation of the Designating Party.

## VIII.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## IX.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     Any Non-Party to this Action may designate any Discovery Material produced by it, whether pursuant to subpoena or otherwise, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order, and in so designating the Non-Party and the Parties agree that the restrictions and terms of this Protective Order shall be applicable to all such Discovery Material to the same extent as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material produced by a Party. The Non-Party producing Discovery Material must first sign a complete copy of this Protective Order and include such signed copy with its production.

(c)     In the event that a Non-Party produces Discovery Material that, had it been produced by a Party, could have been designated by that Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Party may designate the Discovery Material pursuant to the protocols set

forth below. All designations under this paragraph shall be made within fourteen (14) days of the Non-Party's production; provided, however, that if a Party inadvertently fails to designate Discovery Material with the appropriate designation, the procedures of Paragraph 5.3 shall be followed. During the fourteen (14) day period following production, all Non-Party Discovery Materials shall be treated as though they were designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(d)     Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

(e)     A Non-Party invocation of this Protective Order to protect its information does not entitle that Non-Party to access the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material produced by any Party or other Non-Party in this Action, or to information derivative thereof as outlined in Paragraph 3.

### X.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### XI.     <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

## XII.   MISCELLANEOUS

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material.</u> Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

12.4   <u>Expert Material. Notwithstanding any contrary requirement, the parties shall not be required to disclose or produce in discovery, unless so ordered by the Court:</u>

(a)   drafts of expert reports, regardless of whether such drafts have been disclosed or otherwise transmitted to in-house or counsel, employees, or consultants for the Party or parties who have retained such expert;

(b)   notes or other documents prepared by the expert, or his or her staff, unless relied upon as a basis for his or her opinions;

(c)   documents or information constituting or reflecting oral or written communications between the expert and his or her staff, unless relied upon as a basis for his or her opinions; or

(d)   documents or information constituting or reflecting oral or written communications between the expert and the Party, parties or counsel who retained the expert in this action, unless relied upon as a basis for his or her opinions.

/ / /

///

Experts, their staff, and counsel are free to discard, and need not preserve, copies of any of the documents listed in sub-paragraphs (a) through (d) above.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

DYKEMA GOSSETT LLP

Dated: March 25, 2019          /s/ *Alan Gabriel* (with permission)
                               Alan Gabriel
                               Marsha Gentner
                               Jamie L. Lanphear

                               Attorneys for Defendant
                               PEXCO LLC

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 25, 2019          /s/ *Lauren Keller Katzenellenbogen*
                               Michael K. Friedland
                               Susan M. Natland
                               Lauren Keller Katzenellenbogen

                               Attorneys for Defendant
                               FENCESCREEN, INC.

**IT IS SO ORDERED.**

Dated: March 26, 2019          _____
                               Honorable Jean P. Rosenbluth
                               United States Magistrate Judge

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], acknowledge and declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued on _____ [date] by the United States District Court for the Central District of California in the case of *Pexco LLC v. FenceScreen, Inc.,* United States District Court for the Central District of California, Civil Action No. 8:18-cv-00907-JFW-JPR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State or Nation where sworn and signed:_____

Printed name: _____

Signature: _____

30194396

-1-